ALEXANDER S. DIVEN, Receiver of The Yates County Bank, *v.* ELIZABETH LEE, Executrix, and ALFRED LEE and THOMAS LEE, Executors of the last will of Benjamin Lee, deceased.

The manner of acquiring jurisdiction over the person of stockholders in proceedings to enforce the responsibility of stockholders under the act of 1849 (chap. 226) is to be confined strictly to stockholders, and cannot be applied to any one who does not come within the definition of that term given in the second section of the act.

Where executors have invested the funds of the estate in the purchase of bank stock without the authority of the testator or of the law, they do not thereby constitute the estate a stockholder in such bank.

In proceedings under such act to ascertain who are stockholders, and to determine their liability, it is essential that proof should be offered of the fact; or the fact should be ascertained as provided by the act, to enable the court to render judgment; and if the court attempt to dispense with such necessary evidence, and render judgment, its judgment will be void.

APPEAL from an order of the Supreme Court rendered at General Term in the fifth district, affirming an order of the surrogate of Onondaga county, dismissing proceedings instituted by the plaintiff to compel the defendants to account as executrix and executors of the will of Thomas Lee, deceased.

The facts sufficiently appear in the opinion.

*D. B. Proper*, for the appellant.

*Judge Pratt*, for the respondent.

SCRUGHAM, J.   The appellant claimed the right, as a creditor of the estate of Benjamin Lee, deceased, to compel the respondents, as executrix and executors of his will, to account before the surrogate of Onondaga county.   His character as such creditor depended upon the validity of the judgment which he had obtained in proceedings to enforce the responsibility of the stockholders of the Yates County Bank under the act of 1849 (chap. 226).

The stock, from the holding of which the alleged responsibility arose, did not form part of the estate which was left by

Benjamin Lee at his death, as the bank was not then in existence; nor did his will contain any direction or authority to the executors to invest any of the funds of the estate in such securities, and it is not pretended that the investment was such as executors are, authorized to make by law. The stock could not therefore be properly considered the property of the estate, but rather that of the executors, individually; and they, and not the estate, were responsible as stockholders. Nevertheless, the judgment under which the appellant claimed, declared Benjamin Lee to have been a stockholder in the bank, and directed the collection of $5,000 out of the assets in the hands of his executors, and the surrogate was bound to regard it as valid, unless it appeared that the court, in making it, acted without jurisdiction.

The proceedings under this act are of an anomalous character, and are only applicable to the particular business indicated in the act, to wit: the winding up of the affairs of banks of issue, when default shall be made by them in the payment of any debt or liability contracted after 1st January, 1850, and the enforcement of the responsibility of their stockholders.

The means prescribed for acquiring jurisdiction over the persons of the stockholders are unknown to the common law, and quite different from those required in actions under the Code. Personal service of notice is not required in any case, and mere advertisement is sufficient as to all stockholders who do not reside in the county where the principal office of the corporation is situated.

Such a method of acquiring jurisdiction may be justified in the case of a stockholder, by the supposition that from his connection with the bank, and his interest in proceedings affecting it, he would be likely to hear of a fact so notorious as that its affairs had passed into the hands of a receiver, and therefore, that a notice left at his house or published in a newspaper would be efficient to give him knowledge of proceedings being taken to enforce his responsibility.

The entire inefficiency of such a method as to persons who are not so interested, and the limited object of the act as

shown by its title and provisions, clearly indicate that the proceeding is to be confined to stockholders, and that in it the court is not to exercise jurisdiction over any who do not come within the definition of that term given in the second section of the act. A careful reading of sections seventeen, eighteen, nineteen and twenty, will show that the jurisdiction of the court to give judgment in these proceedings depends upon the ascertainment, in the manner provided by the act, of the fact that the person against whom it is given is a stockholder.

If evidence is offered to establish the fact, and the court passing upon it decide the question, the decision, though erroneous, will not render the subsequent judgment void, but only voidable, and the judgment will be conclusive until set aside or reversed by the court which granted it, or by some other court having appellate jurisdiction.

But if, on the contrary, no proof whatever is offered of the fact, and it is not ascertained as provided by the act, the court, in proceeding to render judgment, undertakes to dispense with a condition precedent upon which alone its right to give judgment in proceedings under this act is founded, and its act will be void. (*Gallatin* v. *Cunningham*, 8 Cowen, 370.)

The record which was produced before the surrogate does not show that any evidence was offered to establish the responsibility of the estate of Benjamin Lee, deceased, as a stockholder of the bank, or that it was ascertained, in any manner, that his estate was chargeable as such, according to the rules and principles declared in the act.

The report of the referee, whose duty it was, among other things, to ascertain the persons who were chargeable as stockholders, was not, in any manner, modified or amended by the court, but was, in all things, ratified and confirmed, and it does not state that the estate is responsible, but that the executors are, individually.

The language of the report, in this respect, is as follows : " And I do hereby, in pursuance, etc., find, decide and report that the several persons whose names are embraced in

the list of stockholders assessed in schedule E, hereto annexed, and forming a part of this, my report, and to which I respectfully refer, are the stockholders of the said president, directors and company of the Yates County Bank, who are responsible, individually, to the entire amount of the stock held by them for the debts," etc.; and the entry in the schedule is as follows: "Elizabeth Lee, Alfred Lee and Thomas Lee, executors, etc., of Benjamin Lee, deceased."

In view of the fact that the act intends a discrimination in all cases where trust funds are invested in the stock, providing that the trustee shall be regarded as a stockholder, and individually responsible in case the investment shall have been made by him voluntarily, and expressly declaring that no trust funds in his hands shall be, in any way, liable under the provisions of the act, by reason of any such investment, it cannot be successfully contended that this report alleges the responsibility of the estate, or that its language is capable of any fair construction other than as a declaration of the individual responsibility of the executors, and that they are individually chargeable as stockholders. This being so, the court was authorized, upon the coming in of the report, to make an order of confirmation, which should be final as a judgment against the executors individually. It was not, however, concluded by the report, but the justice holding the Special Term might hear the allegations of the parties and persons interested, and modify or amend the report, and afterward, at Special Term, confirm it as so amended. In this proceeding it might, doubtless, be ascertained that the estate was chargeable, and not the executors, individually, as alleged in the report; and then the order of confirmation might properly contain a direction that the sum charged in the apportionment against the executors, should be collected out of the assets in their hands as such.

As the court in which the proceeding is taken is a court of general jurisdiction, it is to be presumed that it acted within its jurisdiction in granting the judgment which it gave, unless the contrary appear; and it may be that the surrogate would have been required to presume that the

referee's report had been amended before confirmation in such manner as to justify the judgment, if such presumption were consistent with the declarations of the order of confirmation in which the judgment is announced; but such presumption is entirely inadmissible in presence of the most important declaration of the order that the referee's report is in all things ratified and confirmed.

It appeared, therefore, from the record itself that it had not been ascertained that the estate was chargeable at the time the judgment was rendered; and as the ascertainment of that fact is a condition precedent to the judgment directing that the amount charged against the executors on the apportionment should be collected out of the assets in their hands as such, the court in giving that judgment acted without authority.

The order should be affirmed.

Davies, Ch. J., and Porter, Parker, Grover, JJ., concurred. Hunt, Wright and Bockes, JJ., were for reversal.

Order affirmed.