THE UNION NATIONAL BANK OF CHICAGO v. J. W. MIL-
LER et al.

*Telegram—Attachment—Complete Control—Acceptance—Judge's Charge.*

1. To a telegram offering to sell certain goods, a reply was made naming the terms of acceptance. and adding: "Must have reply early to-morrow." The reply closing the sale came and was delivered late in the afternoon, and after a levy of attachment had been made upon the goods. The Court below held that the contract was complete when the telegram was sent from Chicago, and that the title to the property passed before the conversion of attachment, and so charged the jury: *Held*, to be error, it not appearing that the telegram was sent "early" in the day.

2. As to whether the time of *receiving* or the time of *sending* the telegram should govern, *quere?*

3. When a definite time is named by the proposer for the acceptance of his proposition, it comes to an end of itself if not accepted within that time.

This was a CIVIL ACTION for the value of property, tried at the Fall Term, 1889, of MECKLENBURG Superior Court, before *Connor, J.*

The facts sufficient for understanding the case are as follows:

Gregg, Garvey & Co., of Chicago, sent from that place, November 25th, 1888, the following telegram to John VanLandingham: "Wire best offer for sacked middlings No. 2324, now at Charlotte." To which VanLandingham replied, November 26th: "Nineteen dollars per ton; must have reply early to-morrow." Gregg, Garvey & Co. answered also by telegram, November 27th: "Offer accepted." This was received at Charlotte at 4:29, p. m., and delivered at 5:34 p. m.

The middlings in question had been previously shipped to Charlotte by Gregg, Garvey & Co. to their own order, but intended for John W. Miller & Co., upon whom they drew a draft, endorsed in blank, which they sold to the plaintiff, a bank doing business in Chicago. Miller & Co. did not pay the draft. The goods were attached on the 27th of November, after the last telegram from Gregg, Garvey & Co. was sent, but before it was received.

The other facts sufficiently appear in the opinion.

*Mr. P. D. Walker*, for plaintiff.
*Mr. C. W. Tillett*, for defendant.

SHEPHERD, J.: The only question necessary to be considered in disposing of this appeal involves the correctness of his Honor's instruction, that the title to the property had, by reason of the telegraphic correspondence, passed out of the plaintiff and into VanLandingham at the time of the levy of the attachment.

The property was in Charlotte in the possession of a common carrier, and on the 26th of November, 1888, VanLand-

ingham made the following offer by telegraph to the plaintiff's agent at Chicago:

"CHARLOTTE, N. C., November 26, 1888.
*To Gregg, Garvey & Co.:*
    Nineteen dollars per ton.    Must have reply early tomorrow.                                JNO. VANLANDINGHAM."

On the next day at 5:34 P. M. VanLandingham received a telegram from the said agents accepting the offer. This latter telegram was sent from Chicago before, but was not received by VanLandingham until after, the levy of the attachment.

His Honor held that the contract was complete when the telegram was sent from Chicago, and the title to the property having passed to VanLandingham before the alleged converson, the plaintiff could not recover.

In the cases of *Crook* v. *Cowan,* 64 N. C., 743, and *Ober* v. *Smith,* 78 N. C., 313, it was held that where there was a delivery to a carrier in pursuance of an "unconditional and specific order" the contract was complete, but it has never been distinctly decided in this State whether, in the absence of such a delivery of the property, the mere dispatching of an acceptance by post or telegraph has the effect of consummating a contract at the time of such dispatching. Upon this point the authorities are conflicting. It is, however, unnecessary to decide the question in this case, for, granting the affirmative of the proposition, we are of the opinion that under the peculiar terms of this correspondence, and in view of the testimony, the Court was not warranted in charging the jury that the title vested in VanLandingham at the time the telegram was sent. It does not appear that it was sent early in the day, according to the terms of the offer, and it was incumbent on the defendant to have

shown this fact before he could avail himself of the principle contended for.

" In our law the effect of naming a definite time in the proposal is simply negative and for the proposer's benefit; that is, it operates as a warning that an acceptance will not be received after the lapse of the time named. In fact, the proposal so limited *comes to an end* itself at the end of that time, and there is nothing for the other party to accept." Pollock Cont., 9; *Larmon* v. *Jordan*, 56 Ill., 204; *Railroad* v. *Bartlett*, 3 Cush., 224; *Mactiers, Adm'r,* v. *Frith*, 6 Wend., 103; *Cheny* v. *Cook*, 7 Wis., 413.

The principle is well illustrated by the following extract from the opinion of the Court in *Maclay* v. *Harvey*, 90 Ill., 525: "It was said by the Lord Chancellor, in *Dunlop* v. *Higgins* (1st House of Lords Cases, 387), that where an individual makes an offer by post, stipulating for, or by the nature of the business, having the right to expect an answer by return of post, the offer can only endure for a limited time, and the making of it is accompanied by an implied stipulation that the answer shall be sent by return of post. If that implied stipulation is not satisfied, the person making the offer is released from it. When a person seeks to acquire a right, he is bound to act with a degree of strictness, such as may not be required where he is only endeavoring to excuse himself from a liability." This is regarded as a leading case on the question of acceptance of contract by letter, and the language quoted we regard as a clear and accurate statement of the law as applicable to the present case. It is clear here that the nature of the business demanded a prompt answer, and the words, "you will confer a favor by giving me your answer by return mail," do, in effect, "stipulate" for an answer by "return mail." The same principles apply to correspondence by telegraph. *Trevor* v. *Wood*, 36 N. Y., 306.

Under this view of the law, which is well sustained both by reason and authority, the requirement of the offerer, Van-Landingham, "that he must have a reply early to-morrow," cannot be regarded otherwise than as a stipulation for an acceptance within that time, and as the defendant has not shown a compliance with such stipulation, it must follow that there was error on the part of his Honor in charging the jury that the mere sending of the acceptance before the levy operated to transfer the title. The offer was limited to early in the day. The acceptance was not received until late in the evening. Even conceding that the contract would be complete from the sending of the dispatch, there is, as we have said, no testimony to show that it was sent within the time limited by the offer.

The title, therefore, did not pass. Benj. on Sales (3 Am. Ed.), 48, note. For these reasons, we are of the opinion that there should be a new trial.

