J. E. BREWER, Appellant, v. LEPMAN & HEGGIE, Respondents.

Kansas City Court of Appeals, January 6, 1908.

1. **CONTRACTS: Offer: Acceptance: Promptness.** Defendant wired plaintiff for a car of eggs at a certain price adding "prompt wire acceptance." *Held,* this did not mean that plaintiff was to telegraph acceptance as soon as he reasonably could under the circumstances, but that the word "prompt" meant more expedition than reasonable time and that a four and one-half hour delay in the acceptance was too great.

2. ————: ————: ————: ————: **Excuse.** And the fact that there was a reasonable and good excuse for delay in the acceptance is plaintiff's misfortune and cannot be cast upon the defendant.

Appeal from Jackson Circuit Court.—*Hon. John G. Park,* Judge.

Affirmed.

*Meservey & German* for appellants.

(1)   No error was committed in the giving of instruction 1 on behalf of plaintiffs.  Trounstine v. Fellers, 35 Kan. 447; Clark on Contracts, 40, 41, 42; Maclay v. Harvey, 90 Ill. 525; Palmer v. Insurance Co., 84 N. Y. Ct. App. 63 (39 Sickels); 1 Parsons on Contracts (9 ed.), pp. 518-524 (bottom paging); Eagle Mill Co. v. Caven, 76 Mo. App. 458; Bruner et al. v. Wheaton, 46 Mo. 363; Guest v. Railroad, 77 Mo. App. 258; Lancaster v. Elliott, 42 Mo. App. 503; Horton v. Insurance Co., 151 Mo. 619.   (2)   No error was committed in the giving of instruction 7, at the request of plaintiffs. Blaydes v. Adams, 35 Mo. App. 526; Feary v. O'Neill, 149

Mo. 467; Copland v. Railroad, 175 Mo. 650; Liese v. Meyer, 143 Mo. 547; Christianson v. McDermott Estate, 123 Mo. App. 448; Baker v. City of Independence, 106 Mo. App. 507.

*M. B. Aaron* for respondents.

(1) The court should have sustained the demurrer to the evidence. Lindley on Partnership (2 Am. Ed.), 42; Hahlo v. Mayer, 102 Mo. 93. (2) Instruction 1 is erroneous. Newberry v. Durand, 87 Mo. App. 290; 9 Cyc., 785; James & Sons v. Fruit Bottle & Jar Co., 69 Mo. App. 207; Bank v. Miller, 106 N. C. 347. (3) Instruction 7 is erroneous. Delaney v. Refinery Co., 42 Mo. App. 659; Ellicott v. Turner, 4 Md. 476; Quirk v. Elevator Co., 126 Mo. 279. (4) The law presumes that the action of the trial court in granting a new trial herein was correct, that any error occurring in the trial was prejudicial to the defendant, and will sustain the action of the trial court, if it can be so done, upon any ground alleged in the motion for a new trial. Kuenzel v. Stevens, 155 Mo. 280; Hoepper v. Hotel Co., 142 Mo. 378; Ittner v. Hughes, 133 Mo. 680.

ELLISON, J.—This action is for damages for an alleged breach of contract. The judgment in the trial court was for the plaintiff. The defendants filed a motion for a new trial which was sustained and thereupon plaintiff appealed from that order.

It appears that defendants are dealers in eggs at Chicago, Illinois, and that plaintiff is such dealer at Abilene, Kansas. That on February 7, 1906, defendants wishing to purchase a carload of fresh eggs at eighteen cents per dozen, telegraphed on that day to plaintiff as follows: "Offer eighteen delivered car fresh eggs ship today prompt wire acceptance." On the same day plaintiff telegraphed from Abilene his acceptance of the offer in these words: "Your offer eighteen ac-

cepted for today's car." On the same day defendants telegraphed back to plaintiff that his acceptance was too late and offering to take them at a discount. The eggs had been shipped when that telegram was received and plaintiff refusing the offer for discount defendants refused to accept them. The action is for the difference in value of the eggs when they arrived at Chicago and the contract price, which is alleged to be $425.

The evidence disclosed that defendants' telegram offering eighteen cents and requiring prompt acceptance, was delivered at plaintiff's place of business at 10:05 o'clock a. m., though not received by plaintiff personally until 11:30 as he was engaged outside of his office. At about 12 plaintiff wrote the acceptance above set out and sent it to the telegraph office, but the operator had gone to dinner. There was but the one office in Abilene and plaintiff sent the dispatch again, shortly after one o'clock. The operator had not yet returned and plaintiff then went to his dinner and on his return, after two o'clock, sent it again. The operator's record at Abilene shows that it was received by her at 2:45 and it was received by defendants at Chicago at 3:31.

The trial court instructed the jury that the words of the telegram requiring "prompt wire acceptance" meant that plaintiff was to telegraph acceptance as soon as he reasonably could under the circumstances in evidence, a synopsis of which we have stated. In other words the jury were told that the words meant a reasonable time. In our opinion this was an erroneous construction of the telegram and the trial court was right in so considering. The plaintiff was not only required to telegraph his acceptance, but he was required to do so promptly. The word "promptly" must have been used for some effective purpose, and courts are not at liberty to substitute some other time than that named by the offer. After an investigation of the subject in the case of Metropolitan Land Co. v. Manning, 98 Mo.

App. 248, 261, we held that the word "promptly" meant more expedition than reasonable time. A man has a reasonable time in which to do a thing, where no time is prescribed, without the aid of the word "promptly." So it ought to be clear that the use of that word should entitle him to something more than he would have if he had not made use of it. In James v. Fruit Jar Co., 69 Mo. App. 207, 218, the words of a telegram conveying an offer were "wire instantly," and this court held, in an opinion by Judge Smith, that such expression did not give a reasonable time for answering, and that the telegram, though received at 10 p. m., should have been answered that night. In Bank v. Miller, 106 N. C. 347, a proposition was made by telegram which added "Must have reply early tomorrow," and it was held that there was no contract unless the reply was so made and that a reply the following evening would not do. In Metropolitan Land Co. v. Manning, supra, will be found collected a number of authorities in further elucidation of this subject, which we believe, when taken in connection with those herein cited, abundantly sustain the court in regarding the instruction as erroneous.

Defendants' proposition was conditioned that the telegram of acceptance should be sent promptly. It ought to be manifest that plaintiff's inability (if he was unable) to comply with such condition, should not prejudice defendants. Plaintiff's inability to respond promptly as required was not unlike if he had been unable to buy at the price offered. The time of response was as much a condition as the price. And even if he had had an excuse, in that it had been impossible for him to respond, that should be his misfortune and not defendants.' Suppose the telegraph office had burned immediately upon receipt of the dispatch to him or the wires had been destroyed by a storm and he had been unable to respond for a week, would that misfortune

have affected defendants, or their proposition? We think not.

Plaintiff considered some explanation of his delay to be necessary and so he said in a letter to defendants that (italics ours) "There was no unnecessary delay on my part in accepting your offer and what *seeming delay* that did occur could not *very well* be avoided. Your first wire was received between 10 and 11 o'clock when I was out assisting the men in looking after the loading of the car, and when *I got around to answer it I found the lady operator out to dinner* and had locked up the office *which she always does during the noon hours.* I wrote the acceptance and sent it to the office again about one o'clock and the operator was still out to dinner and *as soon as I returned from dinner myself* I sent the message again and she forwarded the same to you." It thus appears that plaintiff's idea is that the mishap of his being out of the office when the telegram was received should be visited upon defendants; and that although he knew the telegraph office would close at the noon hour and he delayed sending the acceptance to the office until that hour, and even then rather than send for the operator to come to the office he made no request of her but chose to go to his own dinner and let defendants wait; that these matters of mere trivial convenience to him should outweigh the contractual rights of defendants. He took more than four and one-half hours in accepting an offer which should not have required more than a few minutes. Plaintiff asks if it should be expected that he would be at the telegraph office when a dispatch is received and make instant answer. We answer no; that there should be reason in all things, and that it should no more be expected that he would answer *literally the instant* the dispatch was received than that he should dally with it, as he did, for more than half of a business day.

The authorities cited by plaintiff are not applicable

and, in our opinion, the record discloses that his case is built on a foundation which has wholly ignored defendants' rights in the premises.

The judgment is affirmed.    All concur.