### STEELMAN et al. v. CURTISS.
### No. 2495.

Court of Civil Appeals of Texas. El Paso. Feb. 19, 1931.

Rehearing Denied March 12, 1931.

Loomis & Kirkland, S. J. Isaacks, and Del W. Harrington, all of El Paso, for appellants.

Harold Potash and Turney, Burges, Culwell & Pollard, all of El Paso, for appellee.

PELPHREY, C. J.

On August 22, 1924, appellants sent the following wire to appellee:

"Bid dollar five subject any part ten thousand Texon rush reply."

On the same day appellee wired appellants:

"Will sell you five thousand Texon dollar five net if you will have your bank wire State National Bank El Paso guaranteeing payment our draft with stock attached. Wire immediate answer."

The following day appellants wired to appellee:

"Impracticable for us to tie up funds for bank guarantee will you accept New York Stock Exchange name on contract advise."

In reply to the above, appellee on the same date sent the following wire:

"We confirm sale of Texon on basis you have N. Y. Stock Exchange member wire us their confirmation promptly."

On August 25th appellee received the following two telegrams:

"We accept five thousand Texon oil and land dollar five for account Steelman and Birkins. Carreau and Snedeker 59 Wall St."

And:

"Carreau and Snedeker members Exchange have wired you acceptance rush shipment to them offer us additional. Steelman and Birkins."

Appellee refused to deliver the stock on the ground that appellants had failed to furnish him the confirmation promptly.

Appellants have brought this suit for damages for breach of contract.

The following special issues were submitted in the court's charge:

"Question No. One: Do you find from a preponderance of the evidence that the telegram from Carreau and Snedeker, 'We accept five thousand Texon Oil and Land dollar five for account Steelman and Birkins' of date August 25th, 1924, was a prompt confirmation of the telegram to Steelman & Birkins, 'We confirm sale of Texon on basis you have N. Y. Stock Exchange member wire us their confirmation promptly,' from J. S. Curtiss & Company of date August 23rd, 1924?"

"Question No. Two: What was the market value of five thousand shares of Texon Oil and Land stock on August 25th, August 26th, August 27th, and August 28th, 1924?"

In connection therewith the court gave the following instruction:

"You are instructed to answer Question No. One, No; and you are further instructed, by

agreement of the parties. to answer Question No. Two, $1.25 per share."

The issues were answered as directed by the court, and judgment rendered that appellants take nothing.

## Opinion.

The single assignment presented by appellants reads: "The court erred in charging the jury to answer Question No. 1 in the negative, thereby instructing a verdict for the defendant"; appellants' contention being that, under the facts and circumstances of the case, the question of whether the sending of the wire by Carreau & Snedeker on August 25th was ·a prompt confirmation of the telegram sent by appellee on August 23d, was a question of fact which the jury should have passed on.

Appellee, on the other hand, contends that the question of whether the Carreau & Snedeker telegram was a prompt confirmation, under the facts, was one of law, and that, the telegraph company being the agent of appellants for the purpose of carrying on the negotiations, appellee could not be held responsible for its delay in delivering his telegram to appellants.

■ We are firmly of the opinion that the word "promptly" as here used meant more expedition than a reasonable time. Brewer v. Lepman, 127 Mo. App. 693, 106 S. W. 1107, and cases cited.

■ The record shows that the stock which was the subject-matter of the negotiation was of a highly fluctuating character, and therefore the parties in their dealings in reference thereto would be charged with more diligence than in ordinary cases.

We have made a careful study of the cases cited by both parties, and,. while we do not deem it necessary to refer to them here, we have reached the conclusion that, there being no conflict as to the nature to the subject-matter of the negotiations, no conflict as to the time the offer was received in New York, and no conflict as to the time when the confirmation was sent by Carreau & Snedeker, the question of whether the offer was promptly confirmed or not became a question of law, and that the court did not err in instructing the jury to answer the issue relative thereto in the negative. It is not denied that the parties knew that the stock with which they were dealing was subject to sudden change in value, and we think it clear that appellee, by asking for a prompt confirmation, did not intend to hold the offer open for any such length of time as the record here shows transpired between the arrival of the offer in New York and the wire of confirmation.

The excuse offered by appellant that the Stock Exchange had closed and likewise their offices before the arrival of the telegram in New York could not, in our opinion, affect the liability of the parties. There were many members of the Stock Exchange, and we see no reason.why it would have been impossible to secure a confirmation from one of them, even though the Exchange may have closed, and certainly appellants' would not be permitted to place themselves out of the reach of an answer to their inquiry and hold appellee bound, where to do so would, as is shown here, greatly prejudice his rights.

Finding no error in the record, the judgment is affirmed.