## Seymour v. Howard.

1. OPTION CONTRACT—*What Is, and What Is Not.*—The following contract—"I hereby give you an option on my livery business and stable, rental as follows: All the stock as listed by me, together with every appurtenance unlisted that goes with said business, and a ten year lease of the entire premises at $100 a month for five years first ensuing, and $125 a month for the second period of five years, all feed to be excepted, and insurance on the stock. Price for all $5,500; $3,500 cash and $2,000 in notes, maturing monthly, six per cent interest; notes to run from one to twelve, to fourteen months, all secured by mortgage on the stock, and insurance duly assigned to. me. This option expires June 1st, 1890,"— was *held* not to be an option contract, within the meaning of Sec. 130 of the Criminal Code.

2. OPTION CONTRACTS—*What Are.*—The distinction between an option to take or to deliver, with no corresponding obligation to deliver or take, and a proposal which may be withdrawn before acceptance, but which, not withdrawn, becomes a contract by acceptance, is recognized.

Memorandum.—In the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Special counts and plea of the general issue; trial by jury; verdict and judgment for defendant; appeal by

plaintiff.  Heard in this court at the October term, 1893.  Reversed and remanded.  Opinion filed February 1, 1894.

The statement of facts is contained in the opinion of the court.

APPELLANT'S BRIEF, MATZ & FISHER, ATTORNEYS.

The document being a mere offer, and not a contract, does not fall within Sec. 130 of the Criminal Code.

If the document did not amount to a contract, but was a mere proposition for one, then it was clearly not within the statute.  Schneider v. Turner, 27 Ill. App. 220, 130 Ill. 28.

The document, though a mere offer, became a binding contract when it was accepted within the limited time, and before it was withdrawn.

While the law is well settled that the offerer who has made an offer that shall remain open for a definite time, has the right to withdraw his offer any time before acceptance, the law is equally well settled that should the offeree accept the offer before withdrawal and within the limited time, the offer ripens into a contract.  Larmon v. Jordan, 56 Ill. 208; 1 Parsons on Contracts, 481; Boston & Maine R. R. v. Bartlett, 3 Cush. 224.

THOMAS MCENERNY, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

May 8, 1890, the appellee gave to the appellant a writing as follows:

"CHICAGO, May 8, 1890.

WM. SEYMOUR:

I hereby give you an option on my livery business and stable rental as follows:  All the stock as listed by me, together with every appurtenance unlisted that goes with said business, and a ten year lease of the entire premises at $100 a month for five years first ensuing, and $125 a month for the second period of five years, all feed to be excepted, and insurance on the stock.

"Price for all, $5,500; $3,500 cash and $2,000 in notes,

maturing monthly, six per cent interest; notes to run from one to twelve to fourteen months, all secured by mortgage on the stock, and insurance duly assigned to me.

This option expires June 1, 1890.

                                        J. H. HOWARD."

With it was a list.

There was evidence that before June 1, 1890, this proposal to sell not having been withdrawn, Seymour accepted it, and was ready, able, willing, and offered to complete the purchase, but Howard refused, and this suit was brought by Seymour to recover damages for the loss of his bargain.

The question made by the parties is whether the doctrine of Schneider v. Turner, 27 Ill. App. 220, and cases following it, cited in Kerting v. Hilton, No. 4980, applies to this case; and to that question we have no hesitation to answer, no.

In Hibbard v. Summers, 50 Ill. App. 381, the familiar law that a proposal on one side, accepted by the other according to its terms, constitutes a contract, was so familiar that neither counsel nor court thought of alluding to it. In Schneider v. Turner, both in this court and in the Supreme Court, 130 Ill. 28, the distinction between an option to take or deliver with no corresponding obligation to deliver or take, and a proposal which may be withdrawn before acceptance, but which, unwithdrawn, becomes a contract by acceptance, is recognized. The law which is applicable to the writing here, is laid down in Larmon v. Jordan, 56 Ill. 204, at page 208.

The word " option " did not change the legal effect of the instrument as shown by the whole body of it.

No consideration is necessary for a proposal. It is the beginning of negotiations, which, if ending in a bargain, will then usually be supported by a consideration.

Nor was the appellee concerned in whatever arrangements the appellant made with other people by which it became his interest to accept the proposal.

The decision that the statute makes this writing void was wrong. Reversed and remanded.