79   216
144   255

# SIDNEY W. SEA

## *v.*

## WILLIAM H. MOREHOUSE.

CHANCERY—*removing cloud upon title to land.* Where the owner of land gave to another, by an instrument in writing, the exclusive sale and option of purchase thereof, for sixty days, upon certain conditions, and

he, after the expiration of the sixty days, without having notified the owner of his intention to accept the purchase, and without having complied with any of the conditions upon which a sale was, by the terms of the writing, authorized, placed such instrument in writing upon record, it was proper for a court of chancery, by decree, to set aside such instrument as a cloud upon the title of the owner, upon a bill filed for that purpose.

APPEAL from the Circuit Court of Cook county; the Hon. WILLIAM W. FARWELL, Judge, presiding.

Messrs. McDAID & WILSON, for the appellant.

Messrs. PAGE & PLUM, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in equity, filed by William H. Morehouse against Sidney W. Sea, to set aside, as a cloud upon the title of Morehouse, the following instrument in writing:

"W. H. MOREHOUSE TO SIDNEY W. SEA :

CHICAGO, *August* 22d, 1873.

"This agreement, made this day, witnesseth that I give Sidney W. Sea the exclusive sale and option of purchase on my farm of one hundred and fifty acres, situated in town of Lyons, Cook county, Illinois, for sixty days from this date, in consideration of one dollar in hand paid, and his commission of $2\frac{1}{2}$ per cent, in case of sale. The price of said land to be one hundred and twenty-five dollars per acre, ($125); said sale can be made, and I hereby authorize it, for $1000 cash in hand, $4000 in six months, and the residue, $13,750, in eight years, at 7 per cent, and privilege of paying it sooner if desired by purchaser; payments of $13,750 to be made as follows: $2000 cash, and seven equal annual payments of $1678.60 each year, with interest at 7 per cent, W. $\frac{1}{2}$ N. W. $\frac{1}{4}$, Sec. 26, and E. $\frac{1}{2}$ N. E. $\frac{1}{4}$, Sec. 27, T. 38, R. 12.

W. H. MOREHOUSE, [SEAL.]

Witness : S. M. RICHARDS."

The bill alleges that Sea did not, during the sixty days mentioned in the agreement, purchase the property on his own behalf, or on behalf of any other party, and that the day after the writing was signed, Sea wrongfully caused it to be recorded.

The court below decreed the relief sought, and the defendant appealed.

The evidence clearly sustains the decree. Morehouse testifies that Sea did not exercise the option within sixty days, and that he had no notice of its exercise within that time. Sea testifies that, sometime in September following the making of the writing, he notified Morehouse that he would take the land. But, taking the whole of his testimony, it shows, as also does his answer, that he was willing to take the land only in case Morehouse could show a good title thereto. The evidence shows that the abstract of title exhibited by Morehouse was objected to by Sea. Efforts were made to obviate supposed defects, but they were unavailing. The title as it appeared was not satisfactory to Sea, and in his own words, "I told him (Morehouse) I was ready to go on with my contract, if he would remove the objections," showing plainly the pretended acceptance of the option was not an unconditional one, but conditional only on the showing of a good title. The writing did not require a good title, but only the title which Morehouse had. And the acceptance, to have been binding on Morehouse, must have been unconditional, not conditional on something not required by the writing.

The exercise of the option given, too, did not consist in merely signifying, within the sixty days, a willingness to take the land, but there must have been, within that time, the payment of $1000 cash in hand. There is no pretense that that sum was paid, or any offer of its payment made.

The decree will be affirmed.

*Decree affirmed.*