ASAHEL GAGE

v.

CHRISTIAN SCHMIDT et al.

*Filed at Ottawa Nov. 10, 1881—Rehearing denied September Term, 1882.*

1. REMOVING CLOUD UPON TITLE—*requisites of the bill.* If the complainant in a bill in chancery, who seeks thereby to remove a cloud upon title to land, is in the actual possession of the land, that fact should be alleged in the bill.

2. SAME—*effect of a sale of the land by party seeking the relief.* A sale of land by the owner pending a suit brought by him to remove a cloud from the title, will not operate to defeat the suit. The decree obtained will inure to the benefit of his grantee.

3. CHANCERY PRACTICE—*jurisdiction—of the pleadings—waiver.* In such suit, if the fact of possession in the complainant be not alleged in the bill, the objection, to be availed of on demurrer to the bill, should be specifically pointed out in the demurrer, according to the practice in chancery. If not made in that mode, or by plea, or by answer, the objection will be deemed to have been waived.

4. The court may, of its own motion, interpose the objection of the want of jurisdiction over the subject matter of a suit, at any stage of the proceeding. It is otherwise, however, as to jurisdiction of the parties,—that must be raised by the pleadings.

5. AMENDMENT OF RECORD—*on petition for rehearing—whether allowable, and on what terms.* In a suit in chancery to remove a cloud upon title, which was before this court on error, the answer of the complainant in the original bill to a cross-bill filed by the defendant, as the same appeared in the original transcript of the record, admitted that the defendant in the suit was in possession of the land, and the case was considered in the light of that admission. Afterwards, on petition for rehearing, a certified copy of the answer was filed with the petition, by which it appeared possession in the defendant was denied instead of being admitted, the clerk, in making up the transcript in the first instance, having made the mistake. An amendment of the record in this court was allowed, in respect to the discrepancy between the two copies of the answer, on the terms that complainant in the suit pay all costs subsequent to the entry of the previous judgment in the case.

6. TAX DEED—*service of notice.* The notice, required by the constitution as preliminary to the making of a deed for land sold for taxes, served upon a mere laboring man in the employment of the owner, not his business agent, or in any way authorized to receive such notice, will not be regarded as sufficient.

7. PROOF OF TITLE—*on bill to remove a cloud.* If it appear that the complainant in a bill in chancery to remove a cloud upon the title to land, is in the actual possession of the land, that will be sufficient proof of title to authorize the relief sought; in the absence of proof of title in some one else.

8. AWARDING EXECUTION—*in chancery.* Upon bill to set aside certain tax deeds as a cloud upon complainant's title, where, upon granting the relief sought, it is decreed that the complainant pay to the defendant a certain sum in redemption of the property from the tax sale, the decree should award execution therefor, and it is error if the decree omits to do so.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. WILLIAM H. BARNUM, Judge, presiding.

Mr. AUGUSTUS N. GAGE, for the plaintiff in error.

Messrs. DECKER, DOUGLAS & KISTLER, for the defendant in error Schmidt.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Defendant in error filed his bill in equity against plaintiff in error, to set aside certain tax deeds as clouds on the title of the former to certain real estate. The bill contains no allegation whether the property in controversy is improved or unimproved, occupied or unoccupied. Defendant filed a demurrer, but specified no grounds why the bill was defective, but objected it could not be maintained for the want of equity appearing on its face. The demurrer was overruled by the court, and Gage answered, denying in general terms the allegations of the bill. Subsequently complainant filed an amended bill, but it did not differ materially from the original bill. To this Gage also filed an answer denying its material allegations, and concluded it by asking the same benefit as though he had demurred specifically to the bill. Afterwards Gage filed a cross-bill against Schmidt, alleging that by virtue of the tax deeds for the land he held the legal title thereto, that he was in the actual legal possession of the same, and praying that the deeds under which Schmidt claimed be set

aside as clouds on his title. The Chicago and Western Indiana Railroad Company was made a party, on the ground that it claimed some interest in the property. Schmidt answered, and, among other things alleged, "he claims that said Gage is in the actual legal possession of said lots, or either of them, and denies that he has any good right or title to said lots, or either of them." On a hearing the court below decreed that Gage's tax deeds be set aside as clouds on Schmidt's title, that Gage's cross-bill be dismissed at Gage's costs, and that Schmidt pay Gage $80 in redemption of the property from the tax sales. The record comes before us on error.

The testimony clearly shows that defendant in error was in possession of the lots at the time of the filing his bill, and the bill should have alleged that fact. (*Hardin* v. *Jones*, 86 Ill. 313; *Whitney* v. *Stevens*, 97 id. 482.) Had the demurrer, according to chancery practice, pointed out the omission of such an allegation, the court would have been required to sustain the demurrer; but it was not objected to in that mode, by plea or by answer, and defendant thereby waived the objection. But the court may, of its own motion, interpose the objection of the want of jurisdiction over the subject matter at any stage of the proceeding. (*Kimble* v. *Walker*, 30 Ill. 482.) It is otherwise as to jurisdiction of the parties, as that must be raised by the pleadings.

It is insisted, that inasmuch as the answer to the cross-bill admits that plaintiff in error was in possession, it thereby appeared that the court, under sec. 50, chap. 22, Rev. Stat. 1874, and general rules, had no jurisdiction of the subject matter, and the bill should have been dismissed. As an answer to the objection, on a petition for a rehearing, a certified copy of the answer is filed with the petition, by which it appears that instead of the answer admitting that, plaintiff in error positively denied he was in possession; that the clerk, in making a transcript of the record, used one word for another,

which changed the meaning to the very opposite of the sentence as written, and while it is irregular, after the issues have been made, the cause tried and decided, to allow an amendment of the pleadings so as to materially change the issues, or otherwise, as the fault in the first case was that of the clerk the amendment will be allowed on the terms that defendant in error pay all costs subsequent to the entry of the previous judgment in this case. In the last paragraph of the argument of plaintiff in error, on the former hearing, it was distinctly urged that the answer to the cross-bill admitted possession in plaintiff in error, but there was no effort made to have the error corrected, but counsel contented themselves by saying it was a mistake, when they must have known that the record, duly certified to this court, could not be amended by the mere assertion of any person, or any number of persons. That must be known to all persons in the profession.

There is an entire want of proof that the constitutional requirement of notice was complied with by plaintiff in error before he received his tax deeds. The evidence, if it could be held to prove notice at all, as to the sale of one lot, was only on a person hired by defendant in error, in his meat shop,—a mere hand, and not his business agent. It is not shown that he was an agent to pay the taxes of defendant in error, or had the slightest connection therewith, or that he had the semblance of authority to receive such notice. Defendant resided in the city, and his name and residence were given in the city directory. Then why serve it on a mere employé, unless it was with the hope or design that the notice would never reach the owner?—and defendant in error swears it never did. As to the notice claimed to have been served on Robertson, there is an entire failure of proof. The person serving the notice testified that he did not know the man on whom he served it; that he served it on a man calling himself Robertson, on a particular street, while he testifies he

resided at a different number, and that no notice was served on him. Correct notices were essential to the validity of the tax deeds.

It is objected that there is no proof that the abstracts of title read in evidence by complainant are true copies from the original abstract books, and the evidence can not be considered; and if they are rejected, there is a want of proof that defendant in error had title. Concede that the abstracts can not be considered, still it is proved that defendant in error was in possession of the property, and until rebutted, and other title is shown by defendant, that is evidence of title in the occupant. It has always been held that a plaintiff in ejectment may recover on a prior possession, as title, unless overcome by proof that the title is in some one else. The proof that defendant in error was in possession, therefore, answered the requirement that he must prove title in himself before he could obtain the relief sought.

It is also urged that it appears that defendant in error sold the property, or a portion of it, after the suit was brought, and before the decree was rendered, and that should have prevented the allowance of the relief. He had the right to the relief when he brought his suit, and we do not understand that the sale of the land would defeat the suit. He may have warranted the title, and if so, he had the right to maintain the suit to protect his covenants. Conveyances of land usually contain covenants for title, and it would not be unreasonable, for the purposes of this case, to indulge such a presumption. But be this as it may, had the grantee made an application it would have been admitted as complainant to prosecute the suit, and it is therefore purely formal in whose name the relief is had, as nothing is recovered, but the cloud on the title is removed. The grantee was also party defendant to the suit, and the decree inures to the benefit of the grantee.

It is urged there is no evidence of the amount that had been paid by Gage. There is evidence that the taxes, etc.,

did not amount to more than the amount found by the decree. If plaintiff in error was not satisfied with that sum, he should have shown, by evidence, that he was entitled to recover a larger sum.

The decree fails to award execution in favor of plaintiff in error, and in this there was error. The decree will therefore be so far modified as to award execution, and the clerk of the circuit court ordered to issue an execution for the amount decreed to be paid to plaintiff in error, and affirmed in all other things.

*Decree modified.*