## Mads C. Monson *et al.*

*v.*

## Anton Kill.

*Filed at Ottawa, January 19, 1893.*

1. Agent's authority — *must be strictly pursued.* The owner of land gave a real estate broker written authority to sell the same within six months for $12,000, one-half to paid be in cash, and the balance in one, two and three years with six per cent interest, payable annually, secured by notes and mortgage on the property. The agent made a contract of sale which recited that the purchaser had paid $500 purchase money to be applied on the purchase when consummated, and had agreed to pay within ninety days after the title had been examined and found good, the further sum of $5500, and to pay the balance in three equal installments of $2000, due separately on or before one, two and three years after the date of the contract, and stipulating that the notes should provide that payments might be made on or before the time named in the notes, with six per cent interest, etc. *Held*, that the authority to sell for one-half cash in hand was in no sense complied with by a sale on ninety days" time, and that the authority to sell and make the balance over and above the cash payment payable in one, two and three years, did not authorize the making of a contract that such payments might be made on or before such times, at the option of the purchaser.

2. A written authority to an agent to sell land of his principal within six months for a fixed net price, one-half to be paid in cash and the balance in one, two and three years, with six per cent interest, payable annually, secured by notes and mortgage on the property, is not complied with by a sale on ninety days' time. In such case the authority to

sell is special and limited, and the purchaser will be required to know that the authority must be strictly pursued.

3. 'CLOUD ON TITLE — *contract for sale of land — by an agent — in excess of his authority.* The record of a contract for the sale of land made by an agent not in pursuance of his authority, or in excess thereof, being such as to interfere with the sale by the principal, will be treated in equity as a cloud upon the title of the latter and set aside.

4. SAME — *bill to remove — must allege possession or that the land is unoccupied.* A bill seeking to remove a cloud upon the title to land is defective if it fails to allege that the complainant is in the possession of the land, or that he claims to be the owner thereof, and that it is un-improved and unoccupied, and is subject to a special demurrer.

5. SAME — *waiver of defects in bill to remove.* If the complainant in a bill to remove a cloud on title is in the possession of the land at the time of filing the bill, that fact should be alleged. But if the defendant fails to demur specially for that cause, and answers and proceeds to hearing without objection, he will waive the defect in the bill.

6. CHANCERY — *decree nunc pro tunc.* There is no error in entering a decree *nunc pro tunc*, thereby restricting the time in which to perfect an appeal, when the party is not thereby prevented from perfecting his appeal.

APPEAL from the Appellate Court for the First District; — heard in that court on appeal from the Superior Court of Cook county; the Hon. H. M. SHEPARD, Judge, presiding.

Appellee being the owner of the lot of land described, executed the following instrument:

" SOUTH EVANSTON, Cook Co., Ill., 18 Aug., 1890.
Mr. M. C. MONSON.

DEAR SIR : I hereby agree, authorize and give you the exclusive right to sell my acre lot N. W. Cor. of Asbury and Kirk Aves, in E. ½, Sec. 25, 41, 13 W., 3 P. M., in South Evanston, Cook Co., Ills., with buildings and improvements thereon for $12,000, net. Whatever you get over and above this amount is your commission. Terms $6,000 cash, balance in one, two and three years, with 6% int. p. a., secured by notes and mortgage on said property. Complete abstract, furnished substantially as above, 6 months time, S. ½, N. ½, N. E. ¼ of N. E. ¼.                                    ANTON KILL."

On the 6th day of November, 1890, Monson, in the name of appellee, by himself as agent, entered into a contract with appellant Beveridge, by which Beveridge agreed to purchase for the sum of $12,000. The contract recited that the purchaser had paid $500 purchase money, " to be applied on said purchase when consummated," and agreed to pay, within ninety days, " after the title had been examined and found good, the further sum of $5500," at the office of Monson, provided a good and sufficient warranty deed with waiver of homestead, etc., with all right of dower, etc., should then be ready for delivery. And to pay the balance in three equal installments of $2000, due separately on or before, one, two and three years, after the date of this contract; and stipulating that the notes shall provide that payments may be made on or before the times named in the several notes, with interest at six per cent, and be secured by mortgage or trust deed on the property. A complete abstract to be furnished within a reasonable time and brought down to date. Ten days is then provided in which the purchaser may examine abstract, and if title was found to be defective, materially, unless material defects were cured within sixty days after written notice, the earnest money was to be refunded and the contract inoperative.

This bill was filed by appellee June 9, 1891, to cancel said contract of sale, and, the same having been placed on record, to remove it as a cloud upon appellee's title. A decree was rendered in accordance with the prayer of the bill; that decree was affirmed in the Appellate Court, from which the defendants below prosecute this further appeal.

Mr. Consider H. Willett, for the appellants:

The Superior Court had no jurisdiction because the bill failed to allege that the property was vacant or that the complainant was in possession. R. S., chap. 22, sec. 50; *Gage* v. *Abbott,* 99 Ill. 366; *Hardin* v. *Jones,* 86 id. 313; *Smith* v. *McConnell,*

17 id. 135; *Oakley* v. *Hurlbut,* 100 id. 204; *Washburn* v. *Burnham,* 63 N. Y. 132.

The written authority of the owner to the broker to sell the land gave him power to execute a contract of sale to the purchaser. *Peabody* v. *Hoard,* 46 Ill. 242; *Watson* v. *Sherman,* 84 id. 264; *Cossitt* v. *Hobbs,* 56 id. 233; Mechem on Agency, sec. 321; *Johnson* v. *Dodge,* 17 Ill. 433; *Matherson* v. *Davis,* 42 Tenn. (2 Cold.) 443; *Pringle* v. *Spaulding,* 53 Barb. 21; *Haydock* v. *Stow,* 40 N. Y. (Hand) 363; *Smith* v. *Allen,* 86 Mo. 178; *Vanada* v. *Hopkins,* 1 J. J. Marshall (Ky.), 285.

It was necessary for such authority to be in writing, because the statute so commands it. R. S., chap. 59, sec. 1.

The real estate broker being clothed with written authority to make a contract of sale for the owner with the purchaser, also had the power to execute a contract of sale adopted by the Chicago Real Estate Board, which required the owner to give a warranty deed. Mechem on Agency, sec. 322; *Hemstreet* v. *Burdick,* 90 Ill. 444; *Minor* v. *Willoughby,* 3 Minn. 225; *People* v. *Boring,* 8 Cal. 406; *Valentine* v. *Piper,* 22 Pick. 85; *Vanada* v. *Hopkins,* 1 J. J. Marshall, 285; *Shreve* v. *Hankinson,* 34 N. J. Eq. 413, 415; *Marr* v. *Given,* 23 Me. 55; *Alemany* v. *Daly,* 36 Cal. 90.

The broker had the right to contract for the delivery of a warranty deed prior to the payment of the entire purchase price.

If any details of the written contract given to the purchaser exceeded the authority of the real estate broker, such contract was void only as to such provisions of the contract as exceeded such authority, and the rest of the contract was valid. *Mc Vey* v. *McQuality,* 97 Ill. 93; *Ferris* v. *Martin,* 10 Humph. (Tenn.) 495; *Lyon* v. *Pollock,* 99 U. S. 668; *Vanada* v. *Hopkins,* 1 J. J. Marshall, 285; *Minor* v. *Willoughby,* 3 Minn. 225, 234.

The contract was not void because it gave the purchaser ninety days after the examination of title in which to make

balance of first payment, and did not extend the time of making the cash payment beyond the limited six months in which the broker had authority to sell. The contract was made November 6, 1890, and ninety days would be February 6, 1891, while the six months did not expire until February 18, 1891.

Messrs. RUBENS & MOTT, for the appellee:

It is urged that the court had no jurisdiction because the bill did not allege either that appellee had possession, or that the premises were vacant.

The bill would have been obnoxious to a special demurrer, but none having been interposed, and the objection not being urged by way of plea, nor in the answer, it is now too late. *Gage* v. *Schmidt,* 104 Ill. 106.

Moreover, the proof shows that appellee was in possession. This was sufficient.

The contract was a cloud upon the title, because the record of it constitutes constructive notice in this State, no matter what the law may be in New York.

Any instrument or deed which might interfere with the sale of the land is a cloud against which equity will grant relief. *Larmon* v. *Jordan,* 56 Ill. 204; *Sea* v. *Morehouse,* 79 id. 216.

The business of a real estate broker is to negotiate sales of real estate and to bring seller and purchaser together. The authorities distinguish an authority to sell given to a broker from a similar authority given to one not a broker. In the former case such authority is construed to authorize the broker to find a purchaser merely, and not to execute a contract. *Duffy* v. *Hobson,* 40 Cal. 240; *Coleman* v. *Garrigues,* 18 Barb. 60; *Morris* v. *Ruddy,* 20 N. J. Eq. 236; *Roach* v. *Coe,* 1 E. D. Smith, 175; *Vanhorne* v. *Frick,* 6 S. & R. 90; *Ryan* v. *Mc-Gee,* 2 Mackey (D. C.), 17.

The requirement that one-half cash should be paid was not complied with by executing and delivering a contract, upon the payment in escrow of only $500. *Bosseau* v. *O'Brien,* 4 Biss.

395, 401; *Coleman* v. *Garrigues*, 18 Barb. 60; *Roach* v. *Coe*, 1 E. D. Smith, 188.

" The exercise of the option given, too, did not consist in merely signifying within the sixty days, a willingness to take the lands, but there must have been, within that time, the payment of $1000 cash in hand." *Sea* v. *Morehouse*, 79 Ill. 216.

Authority to sell did not authorize a contract to convey by warranty deed. *Yazel* v. *Palmer*, 88 Ill. 597; *Coleman* v. *Garrigues*, *supra*.

The condition that the balance was to be paid in one, two and three years, was not fulfilled by permitting such payments " on or before" the time specified. *Jackson* v. *Badger*, 35 Minn. 52; *Siebold* v. *Davis*, 67 Iowa, 560.

The authority to sell is silent as to the possession of the property. Even if it were sufficient to permit Monson to execute a contract, such contract could not vary from the terms of the authority. If a contract had been made in strict accordance with the power conferred, the purchaser would not be entitled to demand a deed until the entire purchase money had been paid. Until the purchaser could demand a deed, he would have no right to the possession. *Chappell* v. *McKnight*, 108 Ill. 570.

But the contract, as executed, provides for a deed upon the payment of one-half cash, and, therefore, entitles the purchaser to possession at that time.

The terms of an express contract can not be enlarged by custom. *Deshler* v. *Beers*, 32 Ill. 368; *Dixon* v. *Dunham*, 14 id. 324.

Mr. Justice Shope delivered the opinion of the Court:

The first point made is, that the bill is defective in not alleging that the complainant was in possession of the land; or that he claimed to be the owner and the land was unimproved and unoccupied. Sec. 50, chap. 22, R. S.; *Gage* v. *Abbott*, 99 Ill. 366; *Oakley* v. *Hurlbut*, 100 id. 204.

The testimony shows that the complainant was in possession of the land at the time of filing the bill, and that fact should have been alleged. But the defendant having failed to demur specially for that cause, and having answered and proceeded to hearing without objection, waived it. *Gage* v. *Schmidt*, 104 Ill. 106.

2. The recorded contract would interfere with the sale of the land by appellee, and should be treated in equity as a cloud upon his title. *Larmon* v. *Jordan*, 56 Ill. 204; *Sea* v. *Morehouse*, 79 id. 216. By reference to the contract given to Monson, by appellee, it will be seen that Monson was given authority to sell within six months, for a fixed net price, one-half to be paid in cash and the "balance in one, two and three years," with six per cent interest payable annually, secured by notes and mortgage on the property. If it be conceded, which it is unnecessary to determine, that Monson had authority to execute the contract with Beveridge, and to extend the time ten (10) days for the examination of the abstract by the purchaser, there was still a clear departure from the power and authority given. The authority to sell for one-half ($\frac{1}{2}$) cash in hand, is in no sense complied with by a sale on ninety days' time. The authority here was special and limited, and the purchaser was required to know that the authority must be strictly pursued. *Jackson* v. *Badger, supra;* Mechem on Agency, secs. 285, 325 and cases cited.

Beveridge took from Monson a contract in writing and, in the absence of proof to the contrary, will be presumed to have known of Monson's authority to sell. There is nothing in the case tending to show that Beveridge was led to deal with Monson as a general agent.

It is clear that appellee was not bound to take $6000, at three months' time, instead of cash in hand. As said by the Appellate Court, in effect the sale was for a less price than authorized, by reason of the loss of the use of the money for that period. *Holbrook* v. *McCarthy*, 61 Cal. 216; *Bust* v.

*Cole*, 28 N. Y. 261; *Sea* v. *Morehouse*, 79 Ill. 216; *Coleman* v. *Garrigues*, 18 Barb. 60.

Again the authority to sell the land and to make the balance, over and above the cash payment, payable in one, two and three years, did not authorize the making of a contract, that such payments might be made *on or before* said times, at the option of the purchaser. This precise question arose in *Siebold* v. *Davis et al.*, 67 Iowa, 560. The court say in respect of it: " In this regard the contract of sale exceeded the limits of the plaintiff's authority, and is, therefore, not binding upon the principal." So in *Jackson* v. *Badger*, 35 Minn. 52, where the same question is presented, the court say, " making the three thousand dollars payable on or before three years" was not in accordance with the prescribed condition that it should be payable " in three years."

Appellee had the right to prescribe the terms upon which his land should be sold, and having done so, in express terms, the stipulation must be substantially followed.

Other objections are insisted upon, but we do not deem it necessary to discuss them. It is, however, insisted that a custom prevails among real estate brokers in Chicago that would authorize the making of this contract. It is unnecessary to determine whether a usage or custom, extending the time of payment of a cash sale ninety days, and authorizing payments to be made where land is sold upon credit, *on or before* the time stipulated, could be upheld as reasonable or not, for the reason that the testimony offered upon that subject wholly fails to establish any such general usage or custom.

It is also objected that the court erred in entering its decree *nunc pro tunc*, thereby restricting the time in which to perfect an appeal. We are unable to see that there was error in so entering the decree, but if there was, appellants have not been prejudiced thereby.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*