**Chicago Title & Trust Co. v. John Aff and Emma Sophia Augusta Draut.**

1. MORTGAGES—*Transfers after the Extinguishment of the Mortgage Debt.*—After an agreement between the mortgagee and owner and holder of the note secured and the maker of such note for the cancellation and surrender of the note, a transfer to a person who never had

any interest whatever in the notes, and was appropriating them wrongfully to his own use, carries with it no equitable rights under the mortgage."

2. SAME—*What an Assignee Takes.*—The assignee of a mortgage takes it subject to all the equities existing between the parties to it at the time.

**Bill for the Surrender of Securities, etc.**—Trial in the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. degree for complainants; appeal by defendant. Heard in this court at the October term, 1898. Affirmed. Opinion filed July 20, 1899.

**Statement.**—Appellee Aff conveyed certain real estate to his daughter, appellee Draut, without any money consideration. The daughter, Mrs. Draut, executed a promissory note for $8,000, payable to her own order and indorsed it in blank, with interest coupon notes, in like manner payable and indorsed, and secured these notes by a trust deed upon the property to Theodore H. Schintz, trustee, and appellant, successor in trust. The notes were dated June 20, 1898, and were payable five years after date. These notes she gave to her father, appellee Aff, who, it would seem, advanced to her money for the purpose of erecting a building upon the property in question. About one year thereafter, in May or June, 1894, the father and daughter agreed to a reconveyance of the property to the father, upon his canceling the $8,000 note and interest notes and paying to the daughter some additional amount. To accomplish this transaction, they went to Schintz, the trustee in the trust deed, and left with him the notes and trust deed, for the purpose of enabling him to draw warranty deed and release. Schintz appropriated the notes to his own use and deposited them as collateral with appellant, the successor in trust in the trust deed, from which he had borrowed money. This transaction between father and daughter, though agreed upon at the time the papers were left with Schintz, was not completed by the formal transfer of the warranty deed until September 5, 1894. Schintz then agreed to release the trust deed, and at that time he retained the notes and trust deed for that purpose, and thereafter evaded repeated efforts

of Aff to obtain them from him. Finally, in November, 1887, a demand was made upon Mrs. Draut for an interest payment, and she and Aff then learned for the first time that the notes were held and claimed by appellant. Appellees Aff and Draut filed their bill of complaint, alleging the foregoing facts, and praying that the notes be "delivered up and canceled," and that appellant be decreed to release the trust deed in question, etc. The court, on hearing upon bill, answer and replication, found the facts substantially as above set forth, and decreed that a master in chancery, designated as trustee, execute and deliver to complainants a release of the trust deed in question. No relief was granted as to the notes.

From that decree this appeal is prosecuted.

John G. Henderson, attorney for appellant, contended that the rule that an assignee takes subject to equities, does not apply unless the equities arise out of the mortgage and note transaction; for example, a set-off arising out of other dealings between the mortgagor and mortgagee can not be set up against the assignee. Colehour v. State Savings Institution, 90 Ill. 152; McAuliffe v. Reuter, 166 Ill. 491.

The rule does not apply where the mortgage is made to secure accommodation paper. Miller v. Larned, 103 Ill. 562, 580; Buehler v. McCormick, 169 Ill. 269.

Or where the note and mortgage were executed for a fraudulent purpose, such as to hinder and delay the creditors of the mortgagor. In such case there are no equities in favor of the maker of the note and mortgage. Dunaway v. Robertson, 95 Ill. 419; Ryan v. Ryan, 97 Ill. 38; Tyler v. Tyler, 126 Ill. 525; Cooke v. Meyers, 166 Ill. 289; Kahn v. Walton, 20 N. E. Rep. (Ohio) 209; Moffett v. Parker, 73 N. W. Rep. (Mich.) 850.

Or where the mortgagor is guilty of gross negligence in paying the note without requiring the production of the note and mortgage. Keohane v. Smith, 97 Ill. 156.

Or where the assignor of the note is the agent of the mortgagor or maker. McIntire v. Yates, 104 Ill. 491;

Towner v. McClelland, 110 Ill. 542; McNeil v. Tenth National Bank, 46 N. Y. 425.

Or where the mortgagor consents to the transfer of the note. Melendy v. Keen, 89 Ill. 395; McAuliffe' v. Reuter, 166 Ill. 498; Stiger v. Bent, 111 Ill. 328; Skeele v. Stocker, 11 Ill. App. 144; McClelland v. Bartlett, 13 Ill. App. 246.

The rule does not apply where the party invoking its application relies upon something to be done in the future. In such a case the title of the note vests at once if transferred before a failure to perform the contract, and the assignee will take it and the mortgage free from equities. This exception to the rule is sometimes stated as follows:

The equities which the mortgagor may set up must be equities existing at the time of the transfer. Cornish v. Bryan, 10 N. J. Eq. 146, 154; Bush v. Howard, 27 N. J. Eq. 134; Coster v. Griswold, 4 Ed. Ch. 376, 386; see note to 13 L. R. A. 297.

The rule applies only as to equities existing in the favor of the mortgagor as against the holder or assignor, and not latent equities in favor of third persons. Olds v. Cummings, 31 Ill. 188.

Arnold Tripp, attorney for appellees.

Where land is sold by the mortgagor to the mortgagee in satisfaction of the note it is a complete merger, and the mortgage is canceled, and the fact that the notes were made payable to the maker's own order and were not due when pledged as collateral security, though important in an action on the note, is unimportant in an action to set aside the trust deed as a cloud on the title. Shippen v. Whittier, 117 Ill. 282; McCabe v. Farnsworth, 27 Mich. 62.

The assignee of a mortgage takes it subject to all equities existing at the time of the purchase of the note. Olds v. Cummings, 31 Ill. 188; McAuliffe v. Reuter, 166 Ill. 491; Buehler v. McCormick, 169 Ill. 269.

The assignee must give notice to the mortgagor and inquire of him if there is any defense to the mortgage, and a failure to make such inquiry will make the assignment

subject to all equities existing in favor of the mortgagor at the time of the purchase of the note. Olds v. Cummings, 31 Ill. 188; McAuliffe v. Reuter, 166 Ill. 491; Buehler v. McCormick, 169 Ill. 269; Johnson v. Carpenter, 7 Minn. 180; Horstman v. Gerker, 49 Pa. St. 287; Ingalls v. Bond, 66 Mich. 338.

Mr. Presiding Justice Sears delivered the opinion of the court.

The agreement made by Aff, the holder and owner, and Mrs. Draut, the maker, of the promissory notes, for the cancellation and surrender of the notes, was, in equitable consideration, an extinguishment of the notes. The transfer after that time to appellant by Schintz, who never had any interest whatever in the notes and was appropriating them wrongfully to his own use, carried no equitable rights under the mortgage. Olds v. Cummings, 31 Ill. 188; McAuliffe v. Reuter, 166 Ill. 491; Buehler v. McCormick, 169 Ill. 269.

There is no question here of latent equities of third parties. This mortgage could not have been enforced by the mortgagee against the mortgagor, and hence under the authorities cited, can not be enforced by appellant. As between mortgagor and mortgagee the mortgage debt was extinguished. Therefore, appellees were, upon the facts presented, entitled to the decree which was entered.

It is suggested by counsel for appellant that the bill of complaint contains no allegation as to the possession or occupancy of the premises in question. There is, however, aside from the mere suggestion, no argument in this behalf presented by the briefs.

It is enough to say that there was no demurrer interposed to the amended bill of complaint. Monson v. Kill, 144 Ill. 248.

It is argued in effect by counsel for appellant that neither of the appellees could maintain the bill of complaint; that Aff could not, because he was not the mortgagor, and that Draut could not, because she had conveyed the property before the bill was filed, and was neither legal nor equitable owner of the land.

The assignments of error do not question the joinder of complainants; if either complainant has equity, the decree must be sustained.

It is sufficient that Mrs. Draut could maintain the bill because of her covenants of warranty to Aff. Gage v. Schmidt, 104 Ill. 106; Remer v. Mackay, 35 Fed. Rep. 86.

And if the effect of the decision in Smith v. Brittenham, 109 Ill. 540 (see also Bissell v. Kellogg, 60 Barb. 617), is to overrule Gage v. Schmidt, then, by the authority of the former case, Aff is, as the grantee of Mrs. Draut, entitled to the relief granted.

For the purposes of this case it is enough if either complainant is entitled to the relief which the decree gives.

It is also argued that Aff was so far negligent in his conduct in the matter of the notes that he is not entitled to any equitable relief. And in this behalf Miller v. Larned, 103 Ill. 562, is cited. But the ground upon which the court refused to apply the doctrine of Olds v. Cummings, *supra*, to the Miller v. Larned case, was that the notes there in question were accommodation paper, and the court necessarily held that the rule announced in Olds v. Cummings, and repeatedly thereafter affirmed, could have no logical application to a mortgage given merely to secure accommodation paper.

There is no such question in the case now under consideration. These notes were not accommodation paper, and were not upon the market through any consent, actual or constructive, of the mortgagor or her grantee. We are not prepared to hold that the taking of the notes to Schintz, who was the trustee in the trust deed, and leaving them with him for the purpose of cancellation and release of the trust deed, was an act so negligent as to deprive Aff of his equities as against the successor in trust, who took the notes from the trustee and for a consideration. The evidence discloses that Aff did make repeated efforts to secure the notes and other papers from Schintz.

We are of opinion that the decree is right, and it is affirmed.