## L. E. Ingraham, Appellant, v. Duncan B. Medill, Appellee.

### Gen. No. 5598.

BILLS TO REMOVE CLOUD—*when option should be cancelled of record.* An option given by the complainant which has been filed for record should be cancelled if no performance or proper tender of performance thereunder has been made.

Appeal from the Circuit Court of Marshall county; the Hon. T. N. GREEN, Judge, presiding. Heard in this court at the October term, 1911. Reversed and remanded with directions. Opinion filed March 13, 1912.

THOMAS KENNEDY and McDOUGALL & CHAPMAN, for appellant; BARNES & MAGOON, of counsel.

E. D. RICHMOND and MASTIN & SHERLOCK, for appellee.

Ingraham v. Medill, 168 Ill. App. 314.

Mr. Justice Morton W. Thompson delivered the opinion of the court.

This was a bill to remove, as a cloud on complainant's title, the following instrument of record:

"For and in consideration of the sum of one dollar, receipt of which is hereby acknowledged, and for the further consideration of four thousand dollars, ($4000.00) to be paid in four payments as follows: One thousand dollars ($1000.00) within five days after the execution of a certain lease between Maggie Hakes of Rutland, Illinois, and Duncan B. Medill of Westville, Illinois, and one thousand dollars each year thereafter until paid, with interest at the rate of 5% I agree to option to Duncan B. Medill of Westville, Illinois, as follows:   The coal underlying the north one half (N½) of the south east one quarter (S.E.¼) of Section thirteen (Sec. 13) town 29, north of range one, east of the Third P. M., Marshall County, Illinois. This option to terminate within sixty days from date. Witness my hand and seal this 28th. day of May 1910.
                                        L. E. Ingram."

The lease referred to was executed July 6, 1910, and on July 11, 1910, defendant delivered to complainant the following:

"Rutland, Ill., July 11, 1910.

Mr. L. E. Ingram,
        Rutland, Ill.

Dear Sir:—

In accordance with and to fulfill the terms of an instrument executed by you, dated May 28, 1910, I hereby tender to you $1000.00 in currency, three (3) notes for $1000.00 each maturing July 1st. 1911, July 1st. 1912 and July 1st. 1913, respectively, executed by me and to secure said notes a first mortgage on the coal and other minerals underlying the North half (½) of the south east quarter (¼) of Section Thirteen (13) Town twenty nine (29) North, Range One (1) East of the 3rd. P. M. in Marshall County, Illinois; and I hereby demand under said instrument a warranty deed covering said coal and other minerals underlying said north

half (½) of the south east quarter (¼) of said Section thirteen (13) and the right to mine and remove the same.

DUNCAN B. MEDILL."

With said instrument defendant tendered to complainant $1,000 in currency, the three notes for $1,000 each, the mortgage securing said notes, and a blank warranty deed for the conveyance to defendant of "all the coal and other minerals with the right to mine and remove the same underlying" said land, "Hereby releasing and waiving all rights under and by virtue of the Homestead Exemption Laws of this state."

The cause was referred to the master, who heard the evidence and reported to the court his findings that the tender made by Medill was a good and sufficient tender, payment and fulfillment of said option contract, and that the equities were with the defendant, and recommended a decree dismissing complainant's bill, which was done by the chancellor, and complainant appeals.

It is clear that the offer and demands of Medill did not comply with the propositions of Ingram made in his option. Ingram did not agree to warrant the title to said coal and other minerals; did not agree to convey the other minerals underlying said land; did not agree to accept a mortgage on said coal and other minerals, which would have released his vendor's lien; nor did he agree to waive his Homestead Exemption rights. The offer and demands of Medill were not even a substantial compliance, not to say a strict compliance, with the propositions of the option.

Ingram offered to accept the $1,000 and gave Medill a receipt for it, or to endorse the receipt of it on the back of the written option, but Medill refused to pay it to him in that way; and later had said option recorded.

We think that under the following authorities the Chancellor erred in dismissing complainant's bill:

Middaugh v. Stough, 161 Ill. 312; Bolton v. Huling, 195 Ill. 384; Anglo American Provision Co. v. Prentiss, 157 Ill. 506; Scott v. Fowler, 227 Ill. 104; Harding v. Gibbs, 125 Ill. 85; Rigdon v. Shirk, 127 Ill. 411; Miller v. Stalker, 158 Ill. 514; Sea v. Morehouse, 79 Ill. 216.

For the above error the decree will be reversed and the cause remanded with directions to the chancellor to enter a decree removing said instrument from record as prayed for in complainant's bill.

*Reversed and remanded with directions.*