SPIROS GEORGACOPULOS, Appellant, *vs.* BESSIE M. HRUBY, Appellee.

*Opinion filed April 24, 1925.*

1. BROKERS—*mere fact that a broker is not registered does not render his contract void.* The mere fact that a real estate broker does not have a certificate of registration issued by the Department of Registration and Education, as provided in the statute in relation to real estate brokers and salesmen, does not render void a contract executed by him entirely within his authority as agent, as the principal, in such case, would not be permitted to deny the authority of the agent to the prejudice of the other contracting party.

2. SAME—*contract in excess of agent's authority is void—specific performance.* An agent has no authority to bind his principal beyond the terms of the specific authority conferred upon him by the agency contract, and any agreement in excess of authority is void and specific performance thereof will not be enforced.

3. SAME—*when contract of a real estate broker exceeds his authority—waiver.* An agency to sell land does not carry with it authority to bind the owner to furnish an abstract of title or to make covenants of warranty unless the agency contract specifically authorizes the same, and where the agent is authorized for a limited time to merely execute a contract of sale and take a deposit thereon, a certain amount to be paid in cash, he is not authorized to sign a contract for a less amount in cash, and the purchaser will not be permitted, after expiration of the time of the agent's authority, to waive the portion of contract in excess of authority.

4. SPECIFIC PERFORMANCE—*when defendant is entitled to relief under cross-bill without further proof.* Where the issue in a suit for specific performance is the validity of the contract as signed by the vendor's agent, and the vendor, as defendant to the suit, files a cross-bill to set aside the contract as a cloud on her title, she will be entitled to relief without the introduction of evidence under the cross-bill where the complainant's evidence shows the contract to be unauthorized.

APPEAL from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

A. A. PANTELIS, (GEORGE F. MULLIGAN, and JOHN P. KLEIN, of counsel,) for appellant.

Wyman, Hopkins, McKeever & Colbert, (Vincent D. Wyman, and Austin L. Wyman, of counsel,) for appellee.

Mr. Chief Justice Duncan delivered the opinion of the court:

Spiros Georgacopulos, appellant, filed his bill in the superior court of Cook county against Bessie M. Hruby, appellee, for the specific performance of a contract for the sale of real estate. Appellee filed an answer denying that the contract was signed by her or by anyone lawfully authorized so to do by her. She later amended her answer, alleging that the contract set out in the bill was negotiated and signed by George Akouris, who purported to act as her agent, but that he was acting as a real estate broker without a license, as required by law, and that all acts of the agent relative to the contract were prohibited by law and that the contract was void for that reason. She admitted that she had at all times refused, and that she still refuses, to carry out the agreement claimed by complainant. She alleged that the contract set forth in the bill of complaint is not, nor is any memorandum or note thereof, signed by her or by any person by her authorized in writing, and she claims the benefit of the Statute of Frauds. She thereafter filed a cross-bill, praying that the alleged contract, which had been recorded, be declared a cloud on her title and canceled. Issues were formed by the bill and answer, the cross-bill and answer, and the replications, and were referred to the master in chancery for proofs and findings. The master reported and recommended that the contract should be specifically performed and the cross-bill dismissed for want of equity, and he overruled the objections to his report. The court sustained the exceptions to the master's rulings, dismissed the original bill for want of equity and decreed the relief prayed for in the cross-bill. The complainant in the original bill prosecutes this appeal.

The undisputed facts are the following: On October 23, 1922, appellee and George Akouris executed the agreement which appellant contends authorized Akouris, in appellee's name, to execute the agreement for the sale of the property in question to appellant. The agreement recites and provides that appellee is the owner of the property, (describing it,) and desiring to sell the same constitutes and appoints Akouris her exclusive agent for the term of thirty days from the date of the contract, with authority to execute a contract of sale of the property and take a deposit thereon; that the minimum price at which the property shall be sold is $9000, to be paid $5000 cash and the balance of $4000 as follows: $500 in one year, $500 in two years and the balance ($3000) in three years; that appellee agrees to pay Akouris as commission "all sums whatever which shall be received by him over and above the said $9000" as soon as the sale of the property is consummated. Akouris agrees, for and in consideration of her agreement, to use every facility at his command to procure a sale of the premises at his own expense. The contract further provides that all rights thereunder shall expire thirty days from the date thereof without any further notice "to the parties hereto."

The contract that Akouris entered into with appellant, as agent of appellee, and which is sought to be enforced by appellant against appellee, was executed November 21, 1922, and was signed by appellant, and by appellee "by George Akouris, agent." The contract in substance provided that appellee agreed to sell, and appellant agreed to purchase at the price of $9500, the property in question, (describing it,) together with all improvements thereon, subject to (1) all taxes and assessments levied after the year 1921; (2) any unpaid special taxes or special assessments levied for improvements not completed, and to unpaid installments of special assessments which fall due after date levied for completed improvements; also subject to building line restric-

tions and building restrictions of record, taxes for 1922 to be prorated on 1921 basis. The contract further recited and provided that the purchaser has paid $500 as earnest money, to be applied on the purchase when consummated, and that he agrees to pay, within five days after the title has been examined and found good, the further sum of $5000 at the office of George Akouris, Chicago, provided a good and sufficient warranty deed conveying to the purchaser a good and merchantable title to the premises (subject as aforesaid) shall then be ready for delivery; that the balance is to be paid, $500 in one year, $500 in two years and the balance ($3000) to be paid in three years, with interest at the rate of six per cent per annum, payable semi-annually, to be secured by the purchaser's notes and mortgage or trust deed on the premises. The contract further provides that a complete abstract of title or merchantable copy brought down to date, or a·merchantable title guaranty policy, or certificate of title issued by the registrar of Cook county, shall be furnished by the vendor within a reasonable time. In case the title, upon examination, is found materially defective, and so reported within ten days after an abstract is furnished, then, unless the material defects be cured within sixty days after written notice thereof, the earnest money shall be refunded and the contract shall at the purchaser's option become null and void; that should the purchaser fail to perform the contract promptly on his part at the time and in the manner specified, the earnest money paid shall at the option of the vendor be forfeited as liquidated damages, and the contract shall be null and void. Time was made of the essence of the contract and of all the conditions thereof. "This contract" and the earnest money was to be held by Akouris for the mutual benefit of the parties, and it was to be his duty, in case the earnest money be retained as "herein provided," to apply the same first to the payment of any expenses incurred for the vendor by him in the matter; and second, to the payment to him of a commission of $500 on

the selling price "herein mentioned" for services in procur-
ing the contract, rendering the overplus to the vendor.

Akouris recorded his contract with appellee, advertised
the property for sale, and on the date aforesaid secured the
contract from appellant and received the deposit of $500
from him. On November 22, 1922, he took the contract
to appellee and asked her to sign it. She declined to do
so. On December 4, 1922, he went with appellant to ap-
pellee's place of business to see her, and they took with
them $5000 and a warranty deed for her to execute, and
told her they were ready to close the deal. She declined
to do so, saying to appellant, "Why, no; we have to see
our lawyer about it." She refused to take the money. Her
brother, who was with her, said to Akouris, "We don't want
to sell the property." Appellee also stated that she did not
want to sell the property.

In addition to the foregoing, Akouris testified that he
had been acting as a real estate broker for about a year
previous to this transaction. He had a license from the city
of Chicago to act as a real estate broker but did not have
a State license to engage in such business.

This appeal presents two questions: (1) Is the contract
of purchase void for the reason that the agent of appellee,
at the time of its execution and at the time he executed
his contract with appellant, did not have a certificate of reg-
istration issued by the Department of Registration and Edu-
cation? (2) Is the contract of sale and purchase invalid,
or not binding on appellee, for the reason that the agent,
Akouris, exceeded his authority?

Our statute in relation to real estate brokers and sales-
men provides that it shall be unlawful for any person to
act as a real estate broker or real estate salesman, or to
advertise or assume to act as such, without a certificate of
registration issued by the Department of Registration and
Education. A real estate broker is defined by the act to be
any person, association, co-partnership or corporation who

for a compensation or valuable consideration sells or offers to sell, buys or offers to buy, or negotiates the purchase or sale or exchange of real estate, etc. A real estate salesman, within the meaning of the act, is any person who for a compensation or valuable consideration is employed, either directly or indirectly, by a real estate broker, and not as a broker or agent for others, buying, selling or leasing real estate, etc. The act provides for a penalty against any person violating the same, by a fine or by imprisonment, or by both fine and imprisonment, in the discretion of the court. (Laws of 1921, secs. 1, 2, 16, pp. 153-159.) Akouris was acting as a real estate broker or salesman, within the meaning of the act, when he entered into the contract with appellee, and with appellant for her. Neither appellee, his principal, nor appellant violated any statute by entering into the contract with Akouris for the sale and for the purchase of this real estate. Neither of these contracts is rendered invalid, as between appellee and appellant, because of the fact that Akouris did not have a certificate of registration as a broker or salesman, although he might be prosecuted and fined for his acts. (*Murray* v. *Doud & Co.* 167 Ill. 368.) If Akouris, as agent of appellee, did not exceed his authority in contracting with appellant, the contract is binding upon both appellee and appellant. Appellee, by contracting with Akouris and holding him out as her agent to sell the property, cannot be heard in a court of equity to deny the agency to the prejudice of appellant, who was led to rely upon the appearance of authority of Akouris to act for her. *Union Stock Yard Co.* v. *Mallory Co.* 157 Ill. 554.

The contract sought to be specifically performed in this case is the contract between appellant and Akouris, as agent of appellee. It is invalid because it is in excess of the authority given by appellee to Akouris in her contract with him as agent, as will be readily seen by an inspection of the two contracts above set forth. Appellee's contract with her agent contained no authority to him to bargain with

appellant for any evidence of title of the character men-
tioned in Akouris' contract with appellant; no covenant to
deliver a warranty deed to a purchaser; and no contract
for the payment of only $500 down and $5000 within five
days after the title had been examined and found good, the
terms of her contract being that $5000 was to be paid cash,
etc.   It is a well settled rule of law in this State and in
other jurisdictions, that an agent has no authority to bind
his principal beyond the terms of the specific authority
conferred upon him by the agency contract.   (*Monson* v.
*Kill,* 144 Ill. 248;  *Hoyt* v. *Shipherd,* 70 id. 309;  *Oliver*
v. *Sattler,* 233 id. 536;  *Seibold* v. *Davis,* (Iowa) 25 N. W.
778;  *Johnson* v. *Fecht,* (Mo.) 83 S. W. 1077;  *Balkema*
v. *Searle,* (Iowa) 89 N. W. 1087.)   An agency to sell land
does not carry with it authority to bind the owner to fur-
nish an abstract of title or to make covenants of warranty
unless the agency contract specifically authorizes the same.
(*Anderson* v. *Howard,* (Iowa) 155 N. W. 261;  *Stengel*
v. *Sergeant,* (N. J. Eq.) 68 Atl. 1106;  *Spengler* v. *Sonnen-
berg,* (Ohio) 102 N. E. 737.)   Such agreements in excess
of authority are void and specific performance thereof will
not be enforced.   *Spengler* v. *Sonnenberg, supra; Baker* v.
*Brundage,* (Minn.) 154 N. W. 1086.

The claim by appellant that the purchaser may waive
that part of a contract that is in excess of the agent's au-
thority and compel specific performance in so far as it was
authorized by the vendor, while apparently supported by
one or two authorities, is not sustained, we think, by the
weight of the authorities.   In *Hagler* v. *Ferguson,* (Tex.)
118 S. W. 133, it is held that the purchaser was not entitled
to waive the excess of authority of the agent and have spe-
cific performance of the contract in terms authorized, as
such a contract in excess of authority is void in the first
instance.   *Balkema* v. *Searle, supra,* and *Johnson* v. *Fecht,*
*supra,* are to the same effect.   These authorities appear to

us to be sound, and we follow them in the decision of the case now in hand. The case of *Everman* v. *Herndon,* (Miss.) 15 So. 135, also holds to the same effect, and further holds that the rule should be applied although the contract made by the agent is more advantageous to the seller than authorized.

By the terms of appellee's contract with Akouris all rights thereunder expired thirty days after the date thereof without any further notice. The thirty days expired on November 22, 1922. Appellee on that day explicitly told Akouris that she would not sign the contract and indicated to him clearly that she would not be bound by it. The offer by Akouris, or by appellant, to pay her the $5000 in cash and otherwise comply with the terms of her contract of sale with Akouris occurred on December 4, at a time when all rights had ceased under that contract. She was under no obligation at that time to contract any further with either Akouris or appellant, even if it should be conceded that appellant had a right to waive the parts of the contract in excess of the agent's authority. As already indicated, the bill asks for specific performance of the contract entered into by Akouris with appellant. The court properly held that appellant was not entitled to the specific performance of the contract, and under the holding of this court in *Monson* v. *Kill, supra,* appellee was entitled to have the contract canceled and removed as a cloud on her title. It is claimed by appellant that appellee introduced no evidence showing that she was entitled to such relief. Appellant made the necessary proof for her and there was no necessity of further proof.

It is further claimed on the part of appellant that appellee's amended answer does not set up as a defense that her agent had exceeded his authority in executing the contract with appellant in her name, and that for the first time she now seeks to avoid the contract because of such excess of

authority. While the answer does not in express words state that her agent exceeded his authority, her answer sets forth facts equivalent thereto and such facts as warrant her in making all of her contentions made in this case.

The decree of the superior court is affirmed.

*Decree affirmed.*